UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
JUL 1 3 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 09-40043 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| GARY SULLIVAN, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the Defendant's Motion to Suppress, Doc. 21. The Court has reviewed the Motion to Suppress, Magistrate Judge Simko's Report and Recommendation of June 9, 2009, Doc. 33, the transcript of the hearing, and the objections of both the United States of America and the Defendant Gary Sullivan to the Report and Recommendation.

The factual statements made in the Report and Recommendation are adopted and will not be repeated.

The search was a search incident to arrest that exceeded its proper scope according to *Arizona v. Gant*, 129 S.Ct. 1710 (2009). The Report and Recommendation finds that the search was a permissible inventory search. The Court disagrees with that conclusion because it was never established that the Spink County training of its law enforcement officers suggested or required that their standard practice should be to open any closed containers as a part of an inventory search. There was no standardized procedure in this regard in Spink County and the written policy does not state that closed containers should be opened during the inventory search. The Report and Recommendation relied upon *United States v. Kimhong Thi Le*, 474 F.3d 511, 515 (8th Cir. 2007). In that case the officer testified that he was trained to open closed containers during an inventory search and that it was standard practice to do so. Deputy Sheriff Waldner, who had been on the force ten months and before that was a corrections officer, did not testify that he had been trained

to open closed containers during an inventory search. Accordingly, the *Kimhong Thi Le* case is not controlling. In addition, it should be noted that this traffic stop was initiated after 8:00 P.M. on March 13, 2009, on a two-lane road in South Dakota. It is hours past the beginning of darkness at that time here in South Dakota. The Defendant's vehicle was going to be impounded in any event and there was no officer safety issue. In addition, the officer already knew of the marijuana the Defendant told the officer was in his suitcase.

In addition, after the $1,300.00 in one hundred dollar bills in an envelope had been taken as a result of the first search, another officer arrived at the scene. The second officer took the $1,300.00 which Deputy Waldner had already told the Defendant he could use for bail money. The second officer then closely inspected the bills to see if they were either forgery or counterfeit. The actions of the second officer were a separate and also an improper search. Officer Waldner had not questioned the legitimacy of the money at the time that the other officer conducted the second examination of the money. This second examination is prohibited by *Arizona v. Hicks*, 480 U.S. 321 (1987). This second search was before Deputy Waldner administered the *Miranda* warning and before anyone had any suspicions as to the validity of the $100.00 bills. There was no probable cause to warrant this separate warrantless search.

THE FOUR STATEMENTS OF THE DEFENDANT

The Court adopts the reasoning and the conclusion of the Report and Recommendation that Defendant's statement regarding possession of marijuana should be suppressed, and that Defendant's March 18 interview should be suppressed for the reasons stated in the Report and Recommendation.

The remaining issue is whether Defendant's other *Mirandized*, in-custody statements to law enforcement should be suppressed as being fruit of the poisonous tree since this Court has found that the thirteen $100 bills found as a result of the impermissible searches should be suppressed. The Court does not find that those other *Mirandized* in-custody statements to law enforcement are the result of the fruit of the poisonous tree and are thus admissible.

2

The above rulings dispose of each of the objections filed by the United States as well as the objections filed by the Defendant. Accordingly,

IT IS ORDERED:

1. That Defendant Gary Sullivan's Motion to Suppress, Doc. 21, is GRANTED in part and DENIED in part as follows:

    (1) Defendant's statement regarding possession of marijuana is suppressed;

    (2) Defendant's March 18 interview is suppressed;

    (3) All physical evidence found as a result of the search of the van Defendant was driving when he was arrested on March 13, 2009, is suppressed; and

    (4) Defendant's other *Mirandized*, in-custody statements to law enforcement official are admissible.

2. That the Report and Recommendation of the Magistrate Judge is GRANTED in part and DENIED in part.

Dated this 13th day of July, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY

3